**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4595

TOYA L. COLEMAN, a/k/a Toya
Hawkins, a/k/a Mildred White,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-669)

Submitted: April 15, 1997

Decided: May 5, 1997

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Federal Public Defender, Columbia, South Carolina,
for Appellant. Cameron Glenn Chandler, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Toya Coleman appeals from her conviction and sentence for with-holding information on a crime in violation of 18 U.S.C. § 4 (1994). Coleman's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Coleman's guilty plea and whether the court properly imposed Cole-man's sentence under the Sentencing Guidelines. Counsel asserts that there are no meritorious issues for appeal. Coleman was notified of her right to file an additional brief, but has not done so. We affirm.

Coleman contends that the district court improperly conducted the Rule 11 hearing in accepting her guilty plea. In reviewing the ade-quacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harm-less error standard. Id. at 117. This Court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Id.

Our review of the record discloses that the district court sufficiently complied with Rule 11 in informing Appellant of her rights and in ascertaining the voluntariness of her plea. We find that because Appellant's substantial rights were not in any way compromised, any alleged error during the Rule 11 colloquy was harmless.

Coleman also maintains that the court derived her sentence either in violation of the law or through an inaccurate computation pursuant to the Sentencing Guidelines. However, Coleman's failure to object during sentencing amounts to a waiver of her right to raise that issue on appeal absent plain error. United States v. Ford, 88 F.3d 1350,

2

1355-56 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379). We find no plain error in the record warranting review of Coleman's sentence.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3